FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 13 2023

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

CHRISTOPHER STEWART            PLAINTIFF

VS.      Case No.: 4:23CV117-JM

WINFORD RAYMOND CAIN; DEBBIE CAIN;
W R CAIN TRUCKING PARTNERSHIP;
AND JOHN DOE NOS. 1-4            DEFENDANTS

## COMPLAINT

*This case assigned to District Judge Moody and to Magistrate Judge Harris*

COMES NOW Plaintiff Christopher Stewart, by and through his attorneys, McDaniel Law Firm, PLC, and for his Complaint against Defendants Winford Raymond Cain, Debbie Cain, W R Cain Trucking Partnership, and John Doe Nos. 1-4, states as follows:

### JURISDICTION AND VENUE

1. That at the time of the subject occurrence, Plaintiff Christopher Stewart was and still is a resident of Arlington, Shelby County, Tennessee.

2. That at all times pertinent hereto, Defendants Winford Raymond Cain and Debbie Cain, were residents of Pope County, Arkansas.

3. That upon information and belief, W R Cain Trucking is a partnership owned and operated by Defendants Winford Raymond Cain and Debbie Cain, headquartered in Pope County, Arkansas.

4. That in addition and/or in the alternative to the above, Defendant John Doe Nos. 1-2, is the official name of any person or entity with which Defendants Winford Raymond Cain and Debbie Cain may be associated (including, but not limited to, other principal(s), employer(s),

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

or successor(s)-in-interest.) Further, Defendant John Doe Nos. 3-4 represents any shipper, broker, supplier, and/or, as applicable, recipient(s) of the loads being hauled by Winford Raymond Cain at the time of the subject occurrence.

5. That upon determining the identity of any current unknown tortfeasor, person or entity, Plaintiff will amend the Complaint by substituting the real name for the pseudo-name.

6. That Plaintiff has attached the Affidavit of Plaintiff's attorneys affirming the identity of a tortfeasor(s) is unknown, as **"Exhibit A."**

7. That this Court has subject matter jurisdiction over this cause as there is complete diversity of citizenship and the amount in controversy exceeds the minimum amount for federal diversity citizenship, i.e., greater than $75,000. 28 U.S.C.A. §1332(a).

8. That this Court has personal jurisdiction over the parties hereto.

9. That this Court is the proper venue for this action pursuant to 28 U.S.C.A. §1391(b), as the subject collision occurred in this District.

## **FACTS**

10. That at the time of the occurrence referred to herein, Winford Raymond Cain (hereinafter "Mr. Cain") was driving a tractor-trailer owned by himself and Debbie Cain (hereinafter "Ms. Cain").

11. That the tractor trailer involved in this collision was operated under U.S. Department of Transportation ("DOT") #3097648, and was registered by Defendant Debbie Cain, with a business alias listed as "W R Cain Trucking" with the Department of Transportation.

12. That DOT #3097648 is a permit to engage in interstate commercial transport by Defendant Mr. Cain.

13. That on the date of the subject occurrence, January 7, 2021, Mr. Cain had a Commercial Driver's License ("CDL").

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

2

14. That at all times pertinent hereto, Mr. Cain was a commercial motor vehicle driver subject to the regulations of the United States Department of Transportation and/or the State of Arkansas.

15. That on January 7, 2021, at the time of the subject collision, the weather was rainy, and the road was wet.

16. That Plaintiff Christopher Stewart was traveling westbound on Interstate-30, at approximately the 85-mile-marker in Hot Spring County and operating a 2016 Ford F-Series Pickup.

17. That traffic in the left-hand lane of travel on Interstate-30 had slowed down due to a previous collision, and Plaintiff was traveling with the flow of the slowed traffic at the time.

18. That at the same time, Mr. Cain was driving his tractor-trailer westbound on Interstate-30, also in the left-hand lane, approaching said slowed traffic.

19. That Mr. Cain failed to stop or slow his vehicle to avoid striking the rear of the vehicle in front of him, resulting in a severe four-car collision.

20. That when Mr. Cain failed to stop or slow his vehicle, he struck the vehicle immediately in front of him, henceforth referred to as "Vehicle-1".

21. That Vehicle-1 then collided with a vehicle directly in front of it, henceforth referred to as "Vehicle-2", and Vehicle-1 was subsequently forced off the roadway, into a nearby guardrail.

22. That after being struck by Vehicle-1 in the rear, Vehicle-2 was also struck again in the rear, by Mr. Cain, and Vehicle-2 was also forced off of the roadway.

23. That after striking Vehicle-2, Mr. Cain's tractor trailer continued forward and then struck the rear of Plaintiff's vehicle with extreme force.

24. That all vehicles involved sustained severe property damage and were immobilized at the scene of the collision.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

3

25. That Plaintiff Christopher Stewart suffered neck, shoulder, bicep, hand and upper to middle back injuries as a result of the collision.

26. That Defendant, Mr. Cain, failed to stop or slow his vehicle, resulting in a severe four-car collision, in which Plaintiff's vehicle was struck in the rear by Defendant's vehicle.

27. That Plaintiff Christopher Stewart was not guilty of any comparative negligence or fault.

## COUNT 1 – NEGLIGENCE OF WINFORD RAYMOND CAIN

28. That all of the allegations previously stated herein are re-alleged as though stated word-for-word.

29. That Mr. Cain owed a duty to all drivers on the road, including Plaintiff, to exercise ordinary care and operate his vehicle in a reasonably careful manner, which he failed to do.

30. That the subject collision and all damages related thereto occurred as a proximate result of the negligent conduct of Mr. Cain in particulars including, but not limited to, the following:

   a. That Mr. Cain failed to slow down to avoid the collision;

   b. That Mr. Cain failed to maintain a proper lookout under the circumstances then and there existing;

   c. That Mr. Cain failed to maintain proper control of his vehicle for the circumstances then and there existing;

   d. That Mr. Cain was driving too fast for the conditions then and there existing;

   e. That Mr. Cain failed to slow or stop his vehicle for forward traffic;

   f. That Mr. Cain failed to yield under the circumstances then and there existing;

   g. That Mr. Cain failed to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and/or by DOT regulations; and,

   h. That Mr. Cain failed to use ordinary care under the circumstances then and there existing.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

4

31. That Plaintiff Christopher Stewart was not guilty of any comparative negligence or fault.

32. That no other person, firm, company, corporation, or entity of any type, other than those identified herein, was guilty of any negligence which was a proximate and contributing cause of the subject collision and/or Plaintiff's damages.

33. That in addition to and/or in the alternative, the conduct of Mr. Cain is imputed to Defendant W R Cain Trucking Partnership under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations in that he was the driver for said partnership and in the course and scope of his employment or agency relationship.

34. That in addition to and/or in the alternative, the conduct of Mr. Cain is imputed to Defendant Debbie Cain as a partner of W R Cain Trucking Partnership, as well as under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations.

35. That in addition to and/or in the alternative, the conduct of Mr. Cain is imputed to Defendant John Doe Nos. 1-4 under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations in that he was the driver for Defendant John Doe Nos. 1-4 and in the course and scope of his employment or agency relationship.

## DAMAGES

36. That as a proximate result of the negligence of Mr. Cain, Plaintiff Christopher Stewart sustained injuries to areas of his body including, but not limited to, his neck, shoulders, biceps, hand, upper back, and, middle back, which required him to incur expenses for medical care and treatment in the past and in the future; he has suffered lost earnings and earnings capacity in the past and will continue to suffer lost earnings and/or earnings capacity in the future; he has endured pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the past and will endure pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the future; his injuries are permanent in nature; and for all of which he should have judgment from

and against Defendants, jointly and/or severally, in an amount to be set by the jury in an amount in excess of the minimum required for federal court diversity jurisdiction ($75,000).

37. That Plaintiff respectfully requests a trial by jury of twelve (12) persons.

38. That Plaintiff respectfully reserves the right to amend and plead further in this cause.

WHEREFORE, Plaintiff Christopher Stewart prays he have and recover damages from Defendants Winford Raymond Cain, Debbie Cain, W R Cain Trucking Partnership, and John Doe Nos. 1-4 in amounts to be set by the jury in excess of the minimum required for federal court diversity jurisdiction, for his costs, and for all other relief to which he may be entitled.

RESPECTFULLY SUBMITTED this 13th day of February, 2023.

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 South Main Street
Jonesboro, Arkansas 72401
(870) 336-4747

Jordan "JP" Phillips
Arkansas Bar No. 2015155
Bobby McDaniel
Arkansas Bar No. 72083
*Attorneys for Plaintiff Christopher Stewart*

IN THE UNITED STATES DISTRICT COURT – EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER STEWART     PLAINTIFF

VS.     Case No.: _____

WINFORD RAYMOND CAIN; DEBBIE CAIN;
W R CAIN TRUCKING PARTNERSHIP;
AND JOHN DOE NOS. 1-4     DEFENDANTS

## AFFIDAVIT

I, Jordan "JP" Phillips, attorney for Plaintiff Christopher Stewart, pursuant to Ark. Code Ann § 16-56-125, state that the correct name and identity of the tortfeasor person(s), corporation(s) and entity(ies) are unknown. All due diligent efforts have been made to properly identify the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies). If the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies) is not one of the specifically named defendants as contained in this complaint, the use of the pseudo-name John and/or Jane Doe as the defendant is appropriate for the purpose of tolling the statute of limitations for these plaintiffs against these unknown defendants. Furthermore, if there is more than one (1) such unknown tortfeasor, the use of John and/or Jane Doe 1, John and/or Jane Doe 2, John and/or Jane Doe 3, etc. is also appropriate as set out in the complaint.

DATED this 13 day February, 2023.

Jordan "JP" Phillips
Arkansas Bar # 2015155

STATE OF ARKANSAS
COUNTY OF CRAIGHEAD

Subscribed and sworn to before me on this 13 day of February, 2023.

Notary Public

Susan Byrd
Notary Public
My Comm. Craighead County, Arkansas
My Comm. Expires April 24, 2028
Commission #12365921

**EXHIBIT A**

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919